IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

ASHTON GLENFORD MENDEZ,
*a/k/a Ashton Augustine*,

                         Petitioner,

                                        Civ. Action No.
          vs.                          9:03-CV-1330 (NAM/DEP)

ALBERTO GONZALEZ,

                         Respondent.
_____

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF:

**[last known address**]
ASHTON GLENFORD MENDEZ, <u>pro</u> <u>se</u>
*a/k/a Ashton Augustine*
DIN#: 86071
York County Prison
3400 Concord Road
York, Pennsylvania 17402

FOR DEFENDANTS:

HON. GLENN T. SUDDABY          PAULA RYAN CONAN, ESQ.
United States Attorney         Assistant U.S. Attorney
Northern District of New York
Federal Building
100 S. Clinton Street
Syracuse, New York 13261-7198

DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE

## REPORT and RECOMMENDATION

This action was commenced by the petitioner on October 31, 2003. On May 9, 2006, a mandate of the United States Court of Appeals was sent to petitioner's last known address by regular mail. See Dkt. No. 10. On June 29, 2006, an order from this court was mailed to petitioner's last known residence. See Dkt. No. 11. Both of those documents were returned to the court by the York County Prison on July 20, 2006, marked as undeliverable, "no forwarding address." See Dkt. No. 12. A search of The York County Prison inmate locator website has confirmed the petitioner is no longer at that facility. Despite this change in circumstances, however, the petitioner has not provided the court and respondent's counsel with a new address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may, in its discretion, dismiss an action based upon the failure of a petitioner to prosecute an action or comply with any order of the Court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 W.L. 9688, *1 (S.D.N.Y. Jan.

2

14, 1994) (citations omitted).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes.  As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Obviously, this matter cannot proceed without notification to the court by the petitioner of his current address.  Since petitioner has failed to fulfill his obligation to provide such notification, it is hereby

RECOMMENDED, that this action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon petitioner's failure to prosecute and to comply with this court's orders and local rules

of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the petitioner at his last known address by regular mail, and upon respondent's counsel electronically.

David E. Peebles
U.S. Magistrate Judge

Dated:  November 20, 2006
        Syracuse, New York

4